```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION
```

GLENN GREEN, et al.,              §
                                  §
                Plaintiffs,       §
                                  § Civil Action No. 3:09-CV-0079-D
VS.                               §
                                  §
CITY OF IRVING, TEXAS, et al.,    §
                                  §
                Defendants.       §

MEMORANDUM OPINION
AND ORDER

Plaintiffs sue the City of Irving, Texas ("City"), its Chief of Police, Larry Boyd ("Chief Boyd"), and a City police officer, Derrick McPherson ("Officer McPherson"), alleging violations of their constitutional rights and of state law arising from Officer McPherson's conduct at their home related to his mistaken belief that someone had called for help regarding an incident of domestic violence. The City and Chief Boyd move to dismiss part of the suit under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief can be granted. For the reasons explained, the court grants the motion.[1]

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[ ] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

I

To decide this motion, the court need not recount the background facts in detail. In sum, plaintiffs allege that Officer McPherson arrived at their home based on the mistaken belief that someone had called for help regarding an incident of domestic violence. They complain that his conduct (entry into their home, use of force, and arrest of one plaintiff) violated their constitutional rights and state law. Plaintiffs seek relief under 42 U.S.C. § 1983 for violations of their constitutional rights. And they rely on the same intentional and negligent acts as grounds for claims asserted under the Texas Tort Claims Act ("Act"). Alternatively, they assert claims under the Act for negligent and grossly negligent use of property. Plaintiffs sue Chief Boyd in his official capacity only. *See* Compl. ¶ 2.02.

The City and Chief Boyd move to dismiss under Rule 12(b)(6). They maintain that plaintiffs' official capacity claims against Chief Boyd are duplicative, their state-law tort claims (including claims for false arrest and assault) brought under the Act against Officer McPherson are barred by the Act itself, and their claims for punitive damages under § 1983 and the Act are barred.[2]

---

[2]In a footnote in the motion, the City also states that, as sued through the individual defendants in their official capacities, it moves the court to dismiss plaintiffs' claims against it for lack of standing, as discussed more fully in Officer McPherson's individual-capacity Rule 12(b)(6) motion to dismiss. Ds. Br. 3 n.2. The City purports to adopt Officer McPherson's motion under Rule 10. Even if the court assumes *arguendo* that Rule

Plaintiffs have not responded to the motion.[3]

II

Plaintiffs' claim against Chief Boyd in his official capacity must be dismissed because plaintiffs also sue the City. A suit against a government official in his official capacity is "only another way of pleading an action against an entity of which [the official] is an agent." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978). If the government entity receives notice and an opportunity to respond, an "official-capacity suit" is treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A suit against a municipal official in his official capacity is not a suit against the official personally, because the real party in interest is the entity. *Id.* at 166. Thus there is no longer any need to bring official-capacity actions.

Accordingly, the court dismisses Chief Boyd as a defendant by Rule 54(b) judgment filed today.

---

10(c) would allow the City to adopt such a motion *in toto*, it does not appear from the record that Officer McPherson has as yet filed his own motion. To the extent his part of defendants' answer is intended to be a motion, he has not adequately briefed the issue of standing. Accordingly, the court will not address this contention in deciding the instant motion to dismiss.

[3]The City and Chief Boyd filed their motion on February 9, 2009. Plaintiffs' response was due March 2, 2009. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed."). The motion is now ripe for determination.

III

Plaintiffs' state-law claims brought against Officer McPherson under the Act are barred by Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (Vernon 2005) because plaintiffs also sue the City, his employer. The Act contains an "election of remedies" provision that is designed to require "a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the [Act] or proceeding against the employee alone." *Garcia*, 253 S.W.3d at 657 (citing Tex. Civ. Prac. & Rem. Code Ann. § 101.106). This "narrows the issues for trial and reduces delay and duplicative litigation costs." *Id; see also Jackson v. Dallas Indep. Sch. Dist.*, 1999 WL 58846, at *5 (N.D. Tex. Feb. 1, 1999) (Fitzwater, J.) ("Although recognized as a harsh grant of immunity, [§ 101.106] serves the purpose of protecting government employees from individual liability for acts or omissions where a claim based upon the same facts is made against their employers." (internal quotation marks omitted), *aff'd*, 232 F.3d 210 (5th Cir. Aug. 23, 2000) (table) (per curiam)). Therefore, "[i]f a suit is filed [under the Act] against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e).

Plaintiffs' claims under the Act against Officer McPherson individually are dismissed.

IV

Plaintiffs' claims for punitive damages against the City under § 1983[4] and the Act are also dismissed. It is well settled that punitive damages are not available against the City under § 1983. The Supreme Court has concluded "that considerations of history and policy do not support exposing a municipality to punitive damages for the bad faith actions of its officials" and has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Punitive damages likewise are not available against the City under the Act because plaintiffs are suing based on a governmental function. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.024 (Vernon 2005). Police protection is a governmental function under the Act. *See id.* § 101.0215(a)(1). Therefore, plaintiffs' claim for punitive damages under the Act is also dismissed.

\* \* \*

Accordingly, defendants' February 2, 2009 motion to dismiss is granted. A Rule 54(b) judgment in favor of Chief Boyd is being filed today. The balance of this suit is unaffected by this

---

[4]Defendants' brief could be read to contend that punitive damages are not available at all under § 1983. *See, e.g.,* Ds. Br. 5 (contending that "[punitive] damages are not recoverable under . . . Section 1983"). In granting defendants' motion, however, the court is only addressing the availability of punitive damages under § 1983 against the City, not against Officer McPherson in his individual capacity.

memorandum opinion and order.

    **SO ORDERED.**

March 24, 2009.

                                                     _____
                                                   SIDNEY A. FITZWATER
                                                   CHIEF JUDGE